419 A.2d 538

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Salvatore Samuel IADEROSA.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed March 21, 1980.

Petition for Allowance of Appeal Denied Nov. 25, 1980.

440

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Diane Barr Quinlan, Assistant Public Defender, Pittsburgh, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The Commonwealth is appealing the granting of appellee's motion to dismiss pursuant to Pa.R.Crim.P 1100(f). Appellee was detained by a security officer at Gimbels Department Store in Monroeville, Pennsylvania, on October 15, 1977 pursuant to the provisions of the Retail Theft Statute,

Act of December 6, 1972, P.L. 1482, No. 334, § 1; as Amended December 2, 1976, P.L. 1230, No. 272, § 1, imd. effective; 18 Pa.C.S.A. § 3929(d). The security official, Mr. Richard Baric, stopped the appellee in the parking lot, returned him to the store and detained him for a period of fifteen minutes during which time he obtained personal information such as name and address, date of birth, height, weight and social security number. Mr. Baric read appellee his rights, released him, and told him that an information would be filed at a later date. Sometime around October 19, 1977, Mr. Baric proceeded to the local Magistrate's office in order to file a formal complaint. He supplied the secretary with all the pertinent information and charged the appellee with a summary offense since the value of the coat was $79; however, Mr. Baric did not sign a typed complaint at that time. Six weeks later, Mr. Baric returned to the magistrate's office and signed the complaint against appellee which charged a misdemeanor of the second degree under the Retail Theft Act. A writ of summons was issued to the appellee for a preliminary hearing on December 13, 1977, however, the appellee failed to appear. On March 6, 1978, Judge Dauer granted the Commonwealth's petition to allow the filing of an information without the holding of a preliminary hearing pursuant to Pa.R.Crim.P. Rule 231 alleging the defendant could not be found after diligent search. On March 22, 1978, Judge John W. O'Brien, acting administrative judge, issued an arrest warrant for the appellee indicating his address as that of his parents. On April 13, 1978, appellee was apprehended and arraigned and a trial date was set for May 19, 1978, which was 178 days after the filing of the November 22, 1977 complaint. However, on May 19, 1978, appellee, represented by private counsel, presented to the court a petition to dismiss under Rule 1100(f) alleging that the 180 day period began with the filing of the summary offense on October 19, 1977, and therefore the trial date was beyond the allowable period. A hearing on this petition was held before Judge McGregor and, following testimony, the petition was granted. The court thereafter stated in its opinion (1) that the delay of six weeks between October 19,

1977 and November 22, 1977 was unreasonable under Rule 133(B)(1); (2) that given the circumstances in the instant case, the date of filing the complaint was no later than October 19, 1977; (3) the period between October 19, 1977 and May 19, 1978 (the date of trial) was greater than 180 days; and (4) the unavailability of the defendant in the instant circumstances did not occasion the other delays in prosecution.

The issue, herein, as properly stated by the court below, is whether, for the purposes of Rule 1100, the date of the filing of a complaint against appellee should be the date Mr. Baric went to the magistrate to file the summary violation on October 19, 1977 or the November 22, 1977 date, when the complaint charging a misdemeanor was formally signed and endorsed by the magistrate.

Although recognizing that there are several cases in the area of determination of proper run date when more than one complaint is involved,[1] we see no such concern in dealing with the instant case. We specifically find there was no other complaint filed herein except the one approved and signed on November 22, 1977.

It is implicit under 18 Pa.C.S.A. § 3929(b), when a retail theft offense is charged, that before a formal complaint may be issued, there must be a determination as to whether the person so charged is a second offender, and if so, the offense must be graded as a misdemeanor and not a summary. This, of necessity, requires time for investigation of police records to determine prior convictions. Once the charge is upgraded to a misdemeanor, then under Pa.R.Crim.P. 133(B)(1),[2] the private complaint must be approved by the

1. *Commonwealth v. Brightwell*, 486 Pa. 401, 406 A.2d 503 (1979); *Commonwealth v. Brocklehurst*, 266 Pa.Super. 1317, 404 A.2d 1317 (1979); *Commonwealth v. Brennan*, 264 Pa.Super. 206, 399 A.2d 739 (1979); *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976); *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976).

2. Pa.R.Crim.P. 133(B)(1) states:
   When the affiant is not a police officer as defined in Rule 51(c) and the offense(s) charged include(s) a misdemeanor or felony which

District Attorney's office before the issuing authority may proceed to endorse the complaint and issue process. See Pa.R.Crim.P. 134.[3] This is precisely the procedure followed in the instant case. Therefore, it was not until November 22, 1977, that a proper complaint was filed when it was approved, executed and endorsed.[4]

The lower court, however, has found the six week period between October 19, 1977 and November 22, 1977, to be an unreasonable delay for the approval of a complaint within the meaning of Rule 133(B)(1). Initially it is noted that there is no evidence of record that the District Attorney unreasonably delayed transmitting the complaint. Further, a careful reading of Rule 133 discloses that the "unreasonable delay" language is directed to the interests of the private affiant and not the accused. In Rule 133(B)(3)(iii), the text states that if the District Attorney "does not approve or disapprove within a reasonable period of time, the *affiant* may file the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before the attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and, when appropriate, shall defer action to

does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

3. Pa.R.Crim.P. 134 states:
(a) In any proceeding initiated by complaint, the issuing authority shall ascertain that:
(1) the complaint has been properly completed and executed;
(2) there is probable cause for the issuance of process;
(3) when prior submission to the attorney for the Commonwealth is required, that he has approved the complaint.
(b) Upon ascertaining the above matters, the issuing authority shall
(1) endorse the following on the complaint:
[here appears form of certification issuing authority should sign]
(2) issue a summons or warrant of arrest as the case may be.

4. See the case of *Commonwealth v. Kellie*, 275 Pa.Super. 106, 418 A.2d 634 (Panel case), opinion by Spaeth, J., filed February 1, 1980, wherein a similar issue is discussed.

allow the attorney for the Commonwealth an additional period of time to respond. [emphasis added]"

The practical result of a finding of unreasonable delay under the rule would result in either persuading the District Attorney to quickly make a decision, or allowing the issuing authority to proceed on the unapproved complaint. The interests of the complainant are the measure by which unreasonable delay is calculated under Rule 133, and therefore the discharge in the instant case based on a violation of the Rule is wholly inappropriate.

We further find that the record failed to reflect an improper prosecutorial design to circumvent the mandate of Rule 1100 based on the six week period between October 19, and November 22, 1977. See *Commonwealth v. Braithwarte*, 253 Pa.Super. 447, 385 A.2d 423 (1978) and *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976). Contra, see *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976).

Finally, having determined that the complaint in this case was filed November 22, 1977, the trial date of May 19, 1978 was within the allowable 180 day period of Rule 1100 and, therefore, there was no necessity for the Commonwealth to prove the unavailability of appellant for any time during this period.

Based on the foregoing, the order of the lower court granting appellee's motion to dismiss is overruled, and this case is remanded for trial.