420 A.2d 510

**COMMONWEALTH of Pennsylvania**

v.

**Cecil HILLIARD, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1979.

Filed May 13, 1980.

222

Larry A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE, VAN der VOORT, SPAETH, HESTER and WIEAND, JJ.*

CERCONE, President Judge:

Appellant, Cecil Hilliard, was convicted in a jury trial on three counts of the offense of unlawful delivery of a controlled substance. Post–trial motions were summarily dismissed and appellant was sentenced to serve three concurrent terms of imprisonment of five to fifteen years. Appellant appealed to our court and argument was heard on March 14, 1977. The case was then listed for reargument before this court, and heard on March 13, 1979. We vacate the judgments of sentence and remand to the lower court.

The sole contention of appellant on appeal is that his rights to a speedy trial under Pa.R.Crim.P. 1100 were violated. The facts leading to the dispute are as follows: Criminal complaints were filed against appellant on March 20, 1975. Under Pa.R.Crim.P. 1100(a)(2),[1] appellant's trial

* Judge DONALD E. WIEAND is sitting by special designation.

1. Rule 1100(a)(2) reads:
   "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

should have occurred within 180 days of that date, or by September 16, 1975. Arrest warrants were issued for appellant subsequent to March 20. However, when appellant remained unarrested, the Commonwealth filed a "Petition to Submit Bill of Indictment to Grand Jury Without Prior Preliminary Hearing" pursuant to Pa.R.Crim.P. 224.[2] The form petition averred that "after a diligent search throughout the Commonwealth of Pennsylvania [appellant] could not be found." The lower court granted this petition on June 19, 1975, and the grand jury indicted appellant on July 8, 1975. Arraignment was scheduled for July 24, 1975 and, when appellant did not appear, a capias was issued for his arrest. On August 1, appellant was arrested and formally arraigned on August 7.

On October 2, 1975, appellant filed a "Motion to Secure a Preliminary Hearing" and a "Motion to Quash the Indictment," the latter of which alleged that Rule 1100 had been violated.[3] On October 6 in open court, the attorneys for the appellant and the Commonwealth argued these motions and both were denied. The case proceeded to trial and resulted in the verdicts of guilty.

Although the lower court did not file an opinion in this case, the transcript of defense attorneys' argument prior to

**2.** Pa.R.Crim.P. 224 in effect at the time of the instant case provided that:

"When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing can be held or that a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to present a bill of indictment to the grand jury without a preliminary hearing."

**3.** This petition was in the form of a petition to dismiss pursuant to Pa.R.Crim.P. 1100(f) which reads:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

trial on the motion to quash the indictment revealed that there was no evidence other than the record itself introduced on the motions. The Commonwealth said it would stand on the certification by the district attorney that appellant was a fugitive, as established by its Rule 224 petition which was granted on June 19. Defense counsel argued that this fact alone did not establish that the Commonwealth had been duly diligent in attempting to locate appellant. The lower court judge merely relied on the district attorney's assertion that the Commonwealth could not locate appellant after a duly diligent attempt and denied the motion to quash the indictments.

On appeal, as it did in the court below, the Commonwealth argues that its Rule 224 petition averring that appellant could not be found, establishes that appellant was unavailable for trial from March 20 to August 1, 1975. Therefore, according to the Commonwealth this time is automatically excludable from the Rule 1100 run period under Section (d)(1).[4]

This argument presents the novel issue of the conflict in Rule 224 and Rule 1100. When filing a Rule 224 petition, "[b]oth the language of the rule ('When the attorney for the Commonwealth certifies . . .') and the cases indicate that the Commonwealth is not required to support its certification by alleging facts that show the defendant is a fugitive." *Commonwealth v. Walters*, 250 Pa.Super. 446, 449, 378 A.2d 1232, 1234 (1977). The cases rely on the discretion of the lower court to guard against the abuse of these certifications, which will not be reversed absent a manifest discretionary error on the part of the

---

4. Rule 1100(d)(1) reads:
   "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney."
   No petition for an extension of time was filed by the Commonwealth in the instant case. However, none would have been necessary had the Commonwealth been entitled to an automatic exclusion of time due to appellant's unavailability. *Commonwealth v. Spells*, 259 Pa. Super. 271, 393 A.2d 822 (1978).

lower court judge. *Commonwealth v. Boyle*, 470 Pa. 343, 368 A.2d 661 (1977). On the other hand, where a Rule 1100 petition to dismiss has been filed, the Commonwealth has the burden to prove that it had been duly diligent in attempting to locate the defendant, and an automatic exclusion due to defendant's unavailability will not result absent such a finding. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Jones*, 256 Pa.Super. 366, 389 A.2d 1167 (1978). Thus, we are faced with the resultant question of whether the Commonwealth has met this burden by relying on its certification of defendant as a fugitive in its Rule 224 petition. We conclude the Commonwealth cannot meet its burden by relying solely on the bare certification without additional facts alleged and proved by a preponderance of the evidence. *Commonwealth v. Mitchell*, supra.

We note initially that the text of Rule 224 in effect at the time of the instant case read as follows:

"When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing can be held or that a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to present a bill of indictment to the grand jury without a preliminary hearing."

The Comments to the Rule stated that:

"The objectives of the Rule are to establish the procedure to be followed in those situations in which a preliminary hearing cannot be held and those situations in which an accelerated indictment, after the filing of a complaint but before a preliminary hearing can be held, will be required to prevent the running of the statute of limitations under the applicable provision of the Crimes Code (found at 18 P.S. § 107)."

Since that time, however, Rule 224 has been amended and reads as follows:

"(a) When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the statute of limitations will otherwise bar prosecution, an indictment is necessary in order to extradite the defendant; or a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to present a bill of indictment to the grand jury without a preliminary hearing."

The Comments to the amended rule explain that:

"The prior language of the rule, permitting use of this bypass procedure where the defendant cannot be found in the Commonwealth, was deleted in light of changes in law simplifying the process for obtaining custody of the defendant. It is intended that use of the bypass procedure as set forth in paragraph (a) will be limited to *exceptional circumstances*." (Emphasis supplied.)

Thus, the spirit of the present law is that Rule 224 will be used primarily to prevent the statute of limitations from working a bar to prosecutions, and in any event, must be reserved for "exceptional circumstances." Even under the prior law in effect in the instant case, the objective of the Rule was to help extradite a defendant and did not address his or her speedy trial rights, and was used to expedite the arrest of a defendant rather than address the efforts made by the Commonwealth to locate him or her within the 180 day period to bring a defendant to trial.

Of course, implicit in a Rule 224 petition is the fact that the prosecution has made efforts to locate appellant within the Commonwealth without specific allegations and proof of what avenues were explored. However, the mere implication that the prosecution attempted to locate a defendant does not satisfy a finding of due diligence when a Rule 1100 violation is alleged.

Our holding does not mean that the Commonwealth must prove due diligence in every instance before it is entitled to a Rule 1100(d)(1) exclusion. For example, in *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978), our Supreme

Court specifically held that where a defendant is properly notified of a court proceeding and absents himself, the Commonwealth is entitled to an exclusion on the basis of defendant's unavailability without a showing of the Commonwealth's efforts to apprehend appellant during his absence. However, "where a warrant of arrest is involved the requirement of due diligence in the service of process is required before blame can be assigned to the suspect." 481 Pa. at 355, 392 A.2d at 1331.

▆ In the instant case, the record does not reflect that appellant knew of the charges against him until August 1, 1975, the day of his arrest.[5] The Commonwealth's reliance on its prior Rule 224 petition does not satisfy the requirements of due diligence necessary to afford the Commonwealth the automatic exclusion under 1100(d)(1) due to appellant's unavailability. Hence, we are constrained to vacate the judgment of sentence and remand to the lower court for an evidentiary hearing as to whether or not the Commonwealth was duly diligent in attempting to locate appellant. If the preponderance of the evidence shows the prosecution was duly diligent, judgments of sentence will be affirmed. If the Commonwealth cannot make such a finding, a Rule 1100 violation will exist and appellant will be discharged.

Judgments of sentence vacated and case remanded.

HESTER, J., files a Dissenting Statement.

PRICE, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Wickersham of the court below.

5. We also note that the record before us does not contain a complete list of docket entries of all proceedings in the lower court. This should be remedied on remand and may affect the lower court's further disposition of this case.