472 A.2d 217

**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald LOMAX, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed Jan. 27, 1984.

Reargument Denied April 3, 1984.

Petition for Allowance of Appeal Denied Sept. 11, 1984.

A. Both.

Dennis G. Kuftic, Edinboro, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant was convicted in a nonjury trial of retail theft,[1] third offense and sentenced to 3½ to 7 years imprisonment. Two issues are raised on this direct appeal: (1) whether the trial court erred in denying appellant's petition to dismiss the complaint pursuant to Pa.R.Crim.P. 1100 (Rule 1100) and (2) whether the trial court erred in accepting into evidence appellant's prior, uncounseled summary retail theft convictions to raise the grade of the instant charges to a felony. Finding merit in appellant's first argument, we vacate judgment of sentence and discharge appellant.

The first issue concerns when Rule 1100's 180 day time limitation commenced. The procedural history indicates that appellant was charged by private criminal complaint on August 7, 1979 with retail theft[2] which occurred on July 19, 1979. This complaint was signed by the security guard for the store and also signed by the district justice. Process against appellant, in the form of a summons, was issued the same day and returned August 9. On August 20, appellant appeared before the district justice for fingerprinting. An arrest warrant was issued on December 6 for appellant's failure to appear as requested. Pursuant to this warrant, appellant was arrested on February 26, 1980 and preliminarily arraigned on February 28. He was incarcerated following arraignment.

The complaint was not approved by the district attorney's office until March 26, 1980. Appellant was held for court on April 18, 1980. A petition for extension of time was filed September 22, 1980 and subsequently granted. The information, charging appellant with retail theft, third offense was filed September 23. Various petitions for extensions of time were subsequently filed by the Commonwealth as well as waivers of Rule 1100 by appellant. Appellant's petition

1. 18 Pa.C.S.A. § 3929.

2. The complaint did not specify the grade of the offense.

to dismiss pursuant to Rule 1100 was filed June 11, 1981 and following its denial, trial commenced.

Rule 1100 states, in pertinent part:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Appellant argues that the 180 day period commenced on August 7, 1979, the date the complaint was filed and process issued. As the run date would then have been February 3, 1980,[3] appellant argues that Rule 1100 was violated. The Commonwealth argues that the 180 day period did not commence until the complaint was approved by the district attorney's office on March 26, 1980 and hence, when the time periods are excluded where extensions were granted by the trial court, no violation occurred.

Both parties and the trial court state that the district justice endorsed the complaint in the wrong order; that he should have forwarded the complaint to the district attorney's office for approval prior to endorsing it and issuing process.

The complaint did not specify the grade of retail theft charged in the instant case. Section (g) of the retail theft statute states:

**(g) Fingerprinting.—**

Prior to the commencement of trial or entry of plea of a defendant 16 years of age or older accused of the summary offense of retail theft, the issuing authority shall order the defendant to submit within five days of such order for fingerprinting by the municipal police of the jurisdiction in which the offense allegedly was committed or the state police. Fingerprints so obtained shall be forwarded immediately to the Pennsylvania State Police for determination as to whether or not the defendant previously has been convicted of the offense of retail theft. The results

---

3. Even if the period during which the arrest warrant was outstanding were excluded, trial still did not commence within the period specified in Rule 1100.

of such determination shall be forwarded to the Police Department obtaining the fingerprints if such department is the prosecutor, or to the issuing authority if the prosecutor is other than a police officer. The issuing authority shall not proceed with the trial or plea in summary cases until in receipt of the determination made by the State Police. The district justice shall use the information obtained solely for the purpose of grading the offense pursuant to subsection (b).

Hence, if the complaint was for retail theft graded as a summary offense, it was not necessary to forward the complaint to the district attorney's office until such time as it became apparent that appellant had prior retail theft convictions so as to raise the charges to a misdemeanor or felony. 18 Pa.C.S.A. § 3929(b).

On the other hand, if the complaint was meant to charge a misdemeanor or felony retail theft offense, Pa.R.Crim.P. 133(B)[4] and 134[5] require submission of the private complaint to the district attorney's office prior to filing, endorsing and issuing process on the complaint. *See Commonwealth v. Kellie*, 275 Pa.Super. 106, 111 n. 4, 418 A.2d 634,

4. Pa.R.Crim.P. 133(B) states:

**(B) Private Complaints:**

(1) When the affiant is not a police officer as defined in Rule 51(C) and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

5. Pa.R.Crim.P. 134 states in part:

**Rule 134. Issuance of Process Pursuant to Complaint**

(a) In any proceeding initiated by complaint, the issuing authority shall ascertain that:

(1) the complaint has been properly completed and executed;

(2) there is probable cause for the issuance of process, in the form of an affidavit;

(3) when prior submission to the attorney for the Commonwealth is required, that he has approved the complaint.

(b) Upon ascertaining the above matters, the issuing authority shall:

(1) accept the complaint for filing;

(2) endorse ... the complaint;

(3) issue a summons or warrant of arrest as the case may be.

636 n. 4 (1980) (only when district attorney has approved complaint and issuing authority signed it may warrant or summons issue).

Rule 1100 contemplates the commencement of the 180 day period at the point criminal proceedings are initiated. *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). It has been held that where a private criminal complaint is filed, the 180 day period commences upon the issuance of process, by summons or warrant of arrest. *Commonwealth v. Bowser,* 318 Pa.Super. 571, 465 A.2d 1001 (1983).

The Commonwealth argues that the instant case is controlled by *Commonwealth v. Iaderosa,* 276 Pa.Super. 439, 419 A.2d 538 (1980), which also involved a retail theft charge initiated by private criminal complaint. The defendant in *Iaderosa* argued that Rule 1100 commenced when the complainant went to file the complaint versus the date the complaint was formally signed by the complainant and endorsed by the magistrate. This court held that the later date marked the commencement of the 180 day period, as the delay was caused by an investigation as to the defendant's prior theft convictions. Hence, *Iaderosa* merely restated the well-settled principal that it is the filing of the complaint that initiates Rule 1100 considerations. The Commonwealth, however, goes on to cite a portion of the *Iaderosa* opinion that states:

> It is implicit under 18 Pa.C.S.A. § 3929(b), when a retail theft offense is charged, that before a formal complaint may be issued, there must be a determination as to whether the person so charged is a second offender, and if so, the offense must be graded as a misdemeanor and not a summary.

*Id.,* 276 Pa.Superior Ct. at 442, 419 A.2d at 540.

■ We disagree that § 3929 *requires* such a determination prior to filing a complaint charging retail theft. As stated *supra,* section 3929(g) regarding summary retail

theft offenses clearly permits the issuing of a formal complaint prior to a determination as to the defendant's prior retail theft offenses. As far as *Iaderosa* holds to the contrary, it is disapproved.

As stated in *Commonwealth v. Silver*, 238 Pa.Super. 221, 229–30, 357 A.2d 612, 616 (1976):

> When a written complaint is filed, on the other hand, prosecutorial forces are quickly brought to bear against the named individual. If he is not already in custody the issuing authority, upon approving the complaint, will issue a summons or warrant of arrest. *See* Pa.R.Crim.P. 134 and 102. If a summons is used the defendant will be commanded to appear for a preliminary hearing, Pa.R. Crim.P. 110; if he fails to comply an arrest warrant will follow. Pa.R.Crim.P. 113. If an arrest warrant is used the defendant will be taken without unnecessary delay for a preliminary arraignment, Pa.R.Crim.P. 122, 130, which will be followed within three to seven days by a preliminary hearing. Pa.R.Crim.P. 140.

> It is clear that this activity, whether it be complaint followed by summons or arrest, or arrest followed by complaint and preliminary arraignment, has immersed the defendant in the intricacies of substantive and procedural criminal law. The defendant has been confronted "with the prosecutorial forces of organized society," *Kirby v. Illinois*, supra 406 U.S. [682] at 689, 92 S.Ct. at [1877] 1882 [32 L.Ed.2d 411 (1972)]; *see Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), and must begin to deal with the consequences of those forces.

Also, the A.B.A. Project on Standards for Criminal Justice, Standards Relating to Speedy Trial § 2.2 comment to § 2.2(a) (Approved Draft, 1968) state:

> [I]f at the time of the filing of the charge the defendant is being held to answer—whether in custody or on bail or recognizance—... then the time for trial commences running from the date the defendant was held to answer. In

all other cases the time begins running as of the date the charge is filed. Charge means a written statement filed with a court which accuses a person of an offense and which is sufficient to support a prosecution; it may be an indictment, information, complaint, or affidavit, depending upon the circumstances and the law of the particular jurisdiction.

In the instant case, the charges were filed on August 7, 1979. Appellant was held to answer, and did appear, in response to the summons issued that day. An arrest warrant was subsequently issued on December 6, 1979 and appellant was eventually arrested on February 28, 1980. On these facts, we are convinced that appellant had been confronted "with the prosecutorial forces of organized society." *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 418 (1972).

■ Whether or not the district justice erred in endorsing and filing the signed complaint and issuing process on August 7, 1979 without approval by the district attorney's office is immaterial. As far as appellant was concerned, he was subject to prosecution at that time. We are unwilling to require appellant to bear the burden of any error concerning the initiation of criminal charges against him. Hence, once a private criminal complaint, properly signed by the complainant and endorsed by the issuing authority, is filed and process is issued, the 180 day period set forth in Rule 1100 commences, regardless of whether the district attorney's approval pursuant to Pa.R.Crim.P. 133(B) and 134 has been obtained or should have been obtained.

Judgment of sentence is vacated and appellant discharged.

CAVANAUGH, J., concurs in the result.

MONTGOMERY, J., noted his dissent.