496 A.2d 830

**COMMONWEALTH of Pennsylvania**

v.

**Anthony WARNES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1985.

Filed Aug. 2, 1985.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Ernest J. DiSantis, Jr., Assistant District Attorney, Erie, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Anthony Warnes, was convicted of retail theft [1] following a non-jury trial and sentenced to a term of imprisonment of from six months to one year. Warnes, seeking to have the conviction reversed because of the Commonwealth's alleged failure to commence trial within 180 days as required by Pa.R.Crim.P. 1100, filed a timely appeal from the judgment of sentence.

The sole issue presented on appeal, as set forth by the Appellant, is whether the 180-day period under Rule 1100 commenced with Appellant's arrest and incarceration on December 29, 1982. Since we find that the 180-day period did not commence with Appellant's arrest and incarceration on December 29, 1982, we affirm.

By way of factual background, Appellant was arrested on December 29, 1982 on a charge of retail theft, and incarcerated when a probation detainer was lodged against him. It was not until March 23, 1983 that a private complaint was filed with the District Justice which was then approved by the District Attorney on March 28, 1983. Appellant's trial commenced the following September.

Pa.R.Crim.P. 1100 provides in pertinent part:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

In *Commonwealth v. Robinson,* 498 Pa. 379, 384, 446 A.2d 895, 898 (1982) our supreme court stated:

Both the language of the Rule and our case law are clear that Rule 1100's 180-day period commences on the date that a written complaint is filed or that criminal proceedings are otherwise initiated. Pa.R.Crim.Pro. 1100(a)(2); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977).

Citing *Robinson, supra,* Appellant in his brief emphasizes the language "or that criminal proceedings are otherwise

initiated" and argues that criminal proceedings in the instant case were initiated when Appellant was arrested and incarcerated on December 29, 1982. This contention has no merit.

■ In our view the reference to criminal proceedings being otherwise instituted refers to special documents used in lieu of a complaint in extraordinary circumstances such as a grand jury presentment or criminal proceeding initiated by a medical examiner. *See* Comment to Pa.R.Crim.P. 1100. Mere arrest or incarceration for a parole violation arising out of an unrelated prior conviction will not initiate the mandatory 180-day period under Rule 1100.

■ Case law has consistently held that where a complaint has been filed, the commencement of the 180-day period begins with the filing of a complaint. *See Commonwealth v. Bowser*, 318 Pa.Super. 571, 465 A.2d 1001 (1983); *Commonwealth v. Warren*, 313 Pa.Super. 390, 459 A.2d 1285 (1983). This principle is equally applicable where a private complaint is initiated for retail theft as in the instant case. *Commonwealth v. Lomax*, 324 Pa.Super. 549, 472 A.2d 217 (1984); *Commonwealth v. Iaderosa*, 276 Pa.Super. 439, 419 A.2d 538 (1980).

Judgment of sentence affirmed.