**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Gordon Elwood MURRAY,**
**Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 24, 2005.

Filed July 8, 2005.

Carl B. Rice, Assistant District Attorney, Sunbury, for Commonwealth, appellant.

Gregory A. Stuck, Northumberland, for appellee.

Before: HUDOCK, MONTEMURO* and BECK, JJ.

OPINION BY HUDOCK, J.:

¶ 1 This is a Commonwealth appeal from an order that dismissed all criminal charges filed against Appellee. We reverse and remand for trial.

¶ 2 On September 15, 2003, a criminal complaint was filed against Appellee Gordon Murray (Murray). He was arrested

---

* Retired Justice assigned to Superior Court.

on September 18, 2003, and charged with burglary, criminal trespass, harassment and criminal mischief.[1] On May 5, 2004, Murray filed a petition for discharge pursuant to the provisions of Pennsylvania Rule of Criminal Procedure 600.[2] On May 12, 2004, the trial court entered an order granting the petition and dismissing all charges.

¶ 3 On May 17, 2004, the Commonwealth filed a motion for reconsideration. Thereafter, on May 25, 2004, the Commonwealth filed a notice of appeal. On July 14, 2004, the trial court denied the motion for reconsideration and directed the Commonwealth to file a Rule 1925(b) statement. The Commonwealth complied, and the trial court filed an opinion. Although the Commonwealth identified three issues in its concise statement, it has abandoned two of them as moot. On appeal, the Commonwealth asks us to address only one claim: did the trial court err by dismissing the criminal charges after determining that Murray had not been brought to trial in strict compliance with Rule 600? *See* Commonwealth's Brief at 4 (presenting a single issue on appeal).

¶ 4 With regard to claims brought under Rule 600, we must determine whether the trial court committed an abuse of discretion. *Commonwealth v. Montgomery,* 861 A.2d 304, 309 (Pa.Super.2004).

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. King,* 576 Pa. 318, 323, 839 A.2d 237, 240 (2003) (emphasis omitted). The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. *Commonwealth v. Hunt,* 858 A.2d 1234, 1238 (Pa.Super.2004) (*en banc*). "An appellate court must view the facts in the light most favorable to the prevailing party." *Id.* at 1239.

¶ 5 When considering the trial court's ruling, an appellate court may not ignore the dual purpose behind Rule 600. *Id.* The Rule serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. *Id.*

In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Id.* (quoting *Commonwealth v. Aaron,* 804 A.2d 39, 42 (Pa.Super.2002) (*en banc*)). So long as there has been no misconduct

---

**1.** 18 Pa.C.S.A. §§ 3502, 3503, 2709 and 3304, respectively.

**2.** Former Rule of Criminal Procedure 1100 was renumbered as Rule 600 and amended March 1, 2000, effective April 1, 2001. The case law developed under former Rule 1100 continues to guide our analysis.

on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. *Id.* In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. *Id.* "Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." *Id.*

¶ 6 Rule 1100, now 600, was designed to implement the speedy trial rights provided by the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. *Commonwealth v. DeBlase,* 542 Pa. 22, 30, 665 A.2d 427, 431 (1995). The constitutional provisions themselves continue to provide a separate basis for asserting a claim of undue delay in appropriate cases. *Id.* The first step in determining whether a technical violation of Rule 600 has occurred is to calculate the "mechanical run date." *Aaron,* 804 A.2d at 42. The mechanical run date is the date by which the trial must commence under Rule 600. *Id.* It is calculated by ascertaining the number of days in which the Commonwealth must commence trial under Rule 600 and counting from the date on which the criminal complaint was filed. *Id.* The mechanical run date can be modified or extended by adding any periods of time in which the defendant causes delay. *Id.* Once the mechanical run date is modified accordingly, it then becomes an "adjusted run date." *Id.*

¶ 7 Rule 600 takes into account both "excludable time" and "excusable delay." *Hunt,* 858 A.2d at 1241. "Excluda-

ble time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts was unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; and/or (b) any continuance granted at the request of the defendant or the defendant's attorney. *Hunt* (citing Pa.R.Crim.P. 600(C)). The "due diligence" required under Rule 600(C)(1) pertains to the Commonwealth's efforts to apprehend the defendant. *Id.* at 1241 n. 10. The other aspects of Rule 600(C) defining "excludable time" do not require a showing of due diligence by the Commonwealth. *Id.* "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. *Id. See id.,* 858 A.2d at 1241–42 (explaining manner in which excludable time, excusable delay and due diligence are to be determined). *See also DeBlase,* 542 Pa. at 30–31, 665 A.2d at 431 (discussing excludable time and excusable delay).

¶ 8 In this case, the criminal complaint was filed on September 15, 2003. The year 2004 was a leap year. Thus, the mechanical run date under Rule 600(A)(3) is September 13, 2004, three hundred sixty-five days after the date on which the complaint was filed. However, Murray was not free on bail, and the Commonwealth was required to bring him to trial within one hundred and eighty days of the date on which the complaint was filed, Pa.R.Crim.P. 600(A)(2), that is, on or before March 13, 2004. There are no claims

of any delays that could be deemed to be either excludable time or excusable delay, and Murray was not brought to trial by March 13, 2004. Thus, on that date, he was eligible to file a motion for release on bail pursuant to Rule 600(E).

¶ 9 Murray did not file a petition for release on nominal bail. He filed a motion to dismiss all charges. *See* "Emergency Petition for Dismissal for Gross Violation of Pennsylvania Rule of Criminal Procedure 600," 5/5/04. The trial court ruled that a violation of Rule 600(A)(2) occurred and granted the petition. However, a violation of Rule 600 does not automatically entitle a defendant to a discharge. *Aaron,* 804 A.2d at 43. Furthermore, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time. *Montgomery,* 861 A.2d at 309. Other than release on nominal bail, no other remedy is prescribed for defendants incarcerated for less than three hundred sixty-five days, even if they were not, in fact, released on nominal bail. *Id.* The only occasion requiring charges to be dismissed occurs if the Commonwealth fails to bring the defendant to trial within three hundred sixty-five days, taking into account all excludable time and excusable delay. *Id.*

¶ 10 We are unclear as to why Murray did not apply for release on nominal bail upon the expiration of the one hundred eighty day term contemplated by Rule 600. The trial court has indicated that Murray was on probation for a prior conviction at the time he was arrested on the charges underlying this appeal. Trial Court Opinion, 9/21/04, at 2.

> The Adult Probation Department lodged a detainer against [Murray] when it learned of the pending charges. This detainer makes the remedy provided by Pa.R.Crim.P. 600(E) impossible for [Murray]. If the Court granted nominal bail as per Rule 600(E), the detainer lodged against [Murray] would activate and prevent his release from prison.... In essence, [Murray] would remain incarcerated on the pending charges and a detainer, filed only as a result of the pending charges, until the Commonwealth proceeded to trial or the expiration of 365 days.

*Id.* The trial court concluded that this would frustrate the purpose of Rule 600. We disagree. The trial court failed to balance the dual purposes of Rule 600 as discussed above. Courts may not look solely to the rights of the accused, but must also consider the collective right of the community to vigorous law enforcement. *Hunt,* 858 A.2d at 1239.

¶ 11 If Murray elects to file a motion seeking release on nominal bail on the charges underlying this appeal, and if the trial court grants the motion, it may be that Murray will be held on a detainer relating to his probation on the unrelated conviction. But that is a separate issue. Incarceration for a parole violation arising out of an unrelated prior conviction does not implicate the mandatory timing requirements of the Pennsylvania speedy trial rule. *See Commonwealth v. Warnes,* 344 Pa.Super. 347, 496 A.2d 830, 831 (1985) (interpreting former Rule 1100). A detainer pertaining to a parole violation from a separate case cannot be used as a pretext to thwart the Commonwealth's right to bring Murray to trial on the present charges.

¶ 12 Murray cites no statutory or case law authorizing the discharge of a defendant who has not been brought to trial within the timing requirements of Rule 600(A)(2), nor has our independent re-

search disclosed such authority. We are aware of this Court's recent decision in *Commonwealth v. Johnson*, 852 A.2d 315 (Pa.Super.2004). The defendant in *Johnson* was not brought to trial within three hundred sixty-five days of the filing of the criminal complaint. Thus, *Johnson* stems from a violation of Rule 600(A)(3), not from a violation of subsection (A)(2). Contrary to Murray's assertions, the fact that the *Johnson* Court ordered a discharge is irrelevant to the present case.

¶ 13 Order reversed; case remanded for trial; jurisdiction relinquished.