J-A16041-20
J-A16042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SHANE SHATZER | : | |
| | : | |
| Appellant | : | No. 2000 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2019
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000699-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SHANE SHATZER | : | |
| | : | |
| Appellant | : | No. 2001 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2019
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000700-2018

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 15, 2020**

Brian Shane Shatzer ("Shatzer") appeals from the judgment of sentence entered following his convictions of two counts each of delivery of a controlled substance and criminal use of a communications facility.[1]  We affirm.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a).

On March 19, 2018, Shatzer was charged, at docket number CP-28-CR-0000699-2018 ("Docket 699-2018") and docket number CP-28-CR-0000700-2018 ("Docket 700-2018"), with the above-mentioned offenses, after an investigation by the Franklin County Drug Task Force revealed that Shatzer had, on two separate occasions in December 2017, sold oxycodone pills to a confidential informant.[2]

Shatzer was convicted of the above-described offenses following a jury trial on June 27-28, 2019. Sentencing was deferred for the preparation of a pre-sentence investigation report. On August 28, 2019, the trial court sentenced Shatzer to an aggregate term of five to ten years in prison. Shatzer filed a timely post-sentence Motion, which the trial court denied on November 26, 2019. Shatzer filed two separate, timely Notices of Appeal, one at each docket number, and two identical court-ordered Pa.R.A.P. 1925(b) Concise Statements of matters complained of on appeal.[3]

---

[2] On January 26, 2018, Shatzer was charged at docket number CP-28-CR-0000706-2018 ("Docket 706-2018") with one count of drug delivery resulting in death, following an unrelated incident in which Shatzer sold narcotics to an individual who later suffered a fatal drug overdose (the "DDRD Case"). Shatzer was convicted after a jury trial, and on November 20, 2019, Shatzer was sentenced to serve 114 to 120 months in prison, with credit for time served. Shatzer's appeal from the judgment of sentence in the DDRD Case is docketed in this Court at No. 1999 MDA 2019. Shatzer's appeal related to the DDRD Case is not relevant to the instant appeal, except with regard to credit awarded for time served, as addressed *infra*.

[3] Because these appeals arise out of the same judgment of sentence, and raise identical issues, we will consider them together.

Shatzer raises three questions for our review:

1. Should the [t]rial [c]ourt [have dismissed] all of the charges against Shatzer for violation of [Pa.R.Crim.P.] 600?

2. Did the [t]rial [c]ourt err or abuse its discretion by sentencing Shatzer using the incorrect [o]ffense [g]ravity [s]core?

3. Should the [t]rial [c]ourt [have granted] Shatzer credit for time served beginning January 26, 2018[?]

Brief for Appellant at 6.

First, Shatzer argues that the trial court erred in failing to dismiss the charges filed against him based on a violation of Pa.R.Crim.P. 600. *Id.* at 9. Shatzer points out that, despite being arrested and detained on January 26, 2018, his trial did not occur until 515 days later, on June 27, 2019. *Id.* Shatzer claims that a 209-day delay was attributable to Shatzer being appointed defense counsel that the Commonwealth knew, or should have known, had a conflict of interest and could not provide Shatzer with effective counsel. *Id.* Therefore, Shatzer asserts, this delay should have been attributed to the Commonwealth. *Id.* at 9-10.

Rule 600 provides, in relevant part, as follows:

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

> (1) For the purposes of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

> (2) Trial shall commence within the following time periods.

- 3 -

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

(B) Pretrial Incarceration. Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of

(1) 180 days from the date on which the complaint is filed[.]

* * *

(D) Remedies

(1) When the defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

(2) Except in case in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

In this case, Shatzer did not file a Motion to dismiss his charges pursuant to Rule 600(D)(1) prior to the commencement of his trial.[4] Thus, the trial court was not afforded the opportunity to conduct a hearing on, or even consider, Shatzer's Rule 600 claim. Consequently, such a claim is precluded from our appellate review. ***See Commonwealth v. Brock***, 61 A.3d 1015, 1020 (Pa. 2013) (stating that "a motion to dismiss pursuant to [Rule] 600 must be made in writing, and a copy of such motion must be served on the Commonwealth's attorney"); ***Commonwealth v. Fooks***, 497 A.2d 1346, 1350 (Pa. Super. 1985) (determining that "the appellee's failure to file a timely motion to dismiss prior to the commencement of trial renders his Rule [600] claim waived, and, in effect, super[s]edes any alleged impropriety on the part of the Commonwealth."). Thus, Shatzer has failed to preserve this claim for appellate review.[5]

_____

[4] We note that, while Shatzer was in jail awaiting trial during the time period at issue, he argues that his right to a speedy trial was violated under Rule 600(A). ***See*** Brief for Appellant at 9 (arguing that the trial court "erred by failing to *dismiss the charges* … for violation of Rule 600." (emphasis added)). Dismissal is a remedy reserved for violations of paragraph (A). Assuming a violation of paragraph (B), Shatzer was only entitled to release on nominal bond before trial. ***See Commonwealth v. Murray***, 879 A.2d 309, 314 (Pa. Super. 2005) (stating that "other than release on nominal bail, no other remedy is prescribed for defendants incarcerated for less than three hundred sixty-five days, even if they were not, in fact, released on nominal bail.").

[5] Even if Shatzer had properly filed a motion to dismiss the charges pursuant to Rule 600, we would conclude that his claim lacks merit. Shatzer's counsel had requested to withdraw from representation based upon a conflict of interest. Therefore, the ensuing delay was attributable, in part, to Shatzer, as he was unprepared to proceed, given the lack of representation. As such, we would conclude that the delay was not attributable to the Commonwealth.

Second, Shatzer alleges that the trial court imposed an excessive sentence when it used an incorrect offense gravity score to calculate his sentence. Brief for Appellant at 10. Shatzer claims that the Commonwealth initially indicated to him that his offense gravity score was a 5, while at sentencing, he was sentenced using an offense gravity score of 7. *Id.* Shatzer argues that he relied upon this purported error when he decided to decline a plea offer by the Commonwealth. *Id.*

Shatzer's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa. Super. 2016) (stating that a claim that the sentencing court applied the incorrect offense gravity score challenges the discretionary aspects of sentencing).

> Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Clary*, 226 A.3d 571, 579 (Pa. Super. 2020). With respect to the third requirement,

> when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.[]R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

- 6 -

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (internal citations omitted).

Here, Shatzer failed to include a separate Rule 2119(f) statement in his appellate brief. Additionally, the Commonwealth has objected to Shatzer's failure to include the Rule 2119(f) statement. *See* Commonwealth's Brief at 7. Accordingly, this Court is precluded from reviewing the merits of Shatzer's discretionary sentencing claim. *Kiesel*, *supra*.

Finally, Shatzer claims that the trial court failed to award him credit for time served from the date of his arrest: January 26, 2018. Brief for Appellant at 11. He argues that, regardless of when his bail was set for the instant charges, credit was due for the entirety of the period that he was "detained against his will." *Id.*

A claim asserting that the trial court failed to properly award credit for time served implicates the legality of the sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Issues related to the legality of the sentence are questions of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016). Accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Id.*

The Pennsylvania Sentencing Code states, in relevant part, as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> * * *
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4).

A defendant is not entitled to duplicate credit for time served. **Commonwealth v. Hollawell**, 604 A.2d 723, 726 (Pa. Super. 1992). A defendant may receive credit against only one sentence imposed for multiple convictions on separate charges, in order to prevent giving defendants a "volume discount." **Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa. Super. 1996).

In this case, Shatzer was awarded credit for time previously served from April 10, 2018, to August 28, 2019. Trial Court Order, 8/28/19. Further, on November 20, 2019, Shatzer was awarded credit for the time he spent in jail from January 26, 2018, to April 10, 2018, against his DDRD conviction at Docket 706-2018. **See** Trial Court Opinion, 11/26/19, at 8.[6] Because Shatzer

---

[6] The trial court Order awarding Shatzer proper credit for time served is included in the certified record at Docket 706-2018.

received credit for the time he spent in jail towards the charges at Docket 706-2018, he is not entitled to receive credit for the charges at Dockets 699-2018 and 700-2018. *Merigris*, *supra*; *Hollawell*, *supra*. Accordingly, Shatzer is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2020