J-S64007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| G. C. | |
| Appellant | No. 93 WDA 2014 |

Appeal from the Judgment of Sentence December 17, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000449-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:              **FILED NOVEMBER 12, 2014**

G.C. appeals his judgment of sentence entered in the Court of Common Pleas of Cambria County after a jury convicted him of one count of corruption of minors.[1]  After review, we affirm.

G.C. was charged with one count of corruption of minors and two counts each of indecent assault and endangering the welfare of children after his daughter, H.C., disclosed that G.C. repeatedly had her remove her pants and underwear, ostensibly so that G.C. could check to see if she was wiping properly, and touched her in her vaginal area, rubbing his fingers in a circular motion.  A jury convicted G.C. of one count of corruption of minors and, on December 17, 2013, the trial court sentenced him to a mandatory

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

term of twenty-five years in prison pursuant to 42 Pa.C.S.A. § 9718.2.[2] G.C. was also found to be a sexually violent predator pursuant to 42 Pa.C.S.A. § 9792 and was directed to comply with the registration provisions of Megan's Law IV.

G.C. did not file post-trial motions. He filed a timely notice of appeal on January 9, 2014, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Two Rule 1925(a) opinions were filed, one by the Honorable Norman A. Krumenacker, III, who presided over G.C.'s trial, and a second by the Honorable Patrick T. Kiniry, who ruled on G.C.'s pre-trial motions.

G.C. raises the following issues for our review:

1.  Whether the [trial] court erred in denying [G.C.'s] Motion to Dismiss pursuant to Pa.R.Crim.P. 600?

2.  Whether the trial court erred in denying [G.C.'s] Motion to Correct Amended Information?

3.  Whether the trial court erred in "spotlighting" the jury instruction relative to [Standard Jury Instruction] 4.13(B) (Conviction Based on Victim's Uncorroborated Testimony in Sexual Offenses) during jury selection?

Brief of Appellant, at 6.

_____

[2] Section 9718.2 imposes a mandatory twenty-five-year sentence on offenders who have a prior conviction for certain offenses enumerated in 42 Pa.C.S.A. § 9799.14. G.C. was convicted in 1993 of multiple such offenses in relation to the sexual abuse of a daughter from a previous marriage.

G.C. first claims that Judge Kiniry erred in failing to grant his Rule 600 motion to dismiss. G.C. claims that he did not agree to several continuances requested by his trial counsel and, accordingly, the time attributable to those continuances should not be deemed excludable for purposes of Rule 600. We disagree.

We begin by noting that our standard of review with regard to claims brought under Rule 600 is whether the trial court committed an abuse of discretion. *Commonwealth v. Montgomery*, 861 A.2d 304, 309 (Pa. Super. 2004).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004). We must view the facts in the light most favorable to the prevailing party. *Id.* at 1239.

In his Rule 1925(a) opinion, Judge Kiniry provides a thorough factual and procedural history as it relates to the various continuances requested and received in this matter. Accordingly, we will not recite those facts here,

other than to note that the excludable time over which the parties disagree is a total of 142 days attributable to requests made by defense counsel, but allegedly either (1) not agreed to by G.C. or (2) agreed to by G.C. only under duress.

Rule 600 requires that a defendant must be brought to trial within 365 days from the date on which the written complaint was filed against him.[3] **See** Pa.R.Crim.P. 600(A)(2)(a). With regard to the computation of time, Rule 600 provides as follows:

> periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. **Any other periods of delay shall be excluded from the computation.**

Pa.R.Crim.P. 600(C)(1) (emphasis added).

When a defendant has not been brought to trial within the period prescribed under Rule 600, the defendant may file a written motion requesting that the charges be dismissed with prejudice. **See** Pa.R.Crim.P. 600 (D)(1). In considering the trial court's ruling on a Rule 600 motion, this Court may not ignore the dual purpose behind the Rule. **Commonwealth v. Murray**, 879 A.2d 309, 312 (Pa. Super. 2005) (citation omitted). Those

---

[3] Rule 600 provides further guidelines for defendants who are incarcerated prior to trial. **See** Pa.R.Crim.P. 600(B). However, G.C. was at liberty on bail for the entire pre-trial period.

- 4 -

two equally important functions are: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. *Id.*

> In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> **So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.** In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Id*. at 312-13 (internal citations and quotation marks omitted) (emphasis added).

Rule 600 clearly provides that only "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time in which trial must commence." Pa.R.Crim.P. 600(C)(1). "Any other periods of delay shall be excluded from the computation." *Id.* The Comment to Rule 600 further provides that delay is excludable if it results from "either the availability of the defendant **or the defendant's attorney**

or any continuance granted at the request of the defendant **or the defendant's attorney**. Pa.R.Crim.P. 600, Comment (emphasis added).

Here, G.C. has not alleged that the Commonwealth engaged in any misconduct or otherwise failed to exercise due diligence in bringing him to trial. Moreover, the use of the disjunctive "or" in the Comment to Rule 600 demonstrates that there is no requirement that a defendant agree to a continuance for it to be excluded from a Rule 600 computation; it is sufficient that the continuance be requested by defense counsel alone. G.C. has cited to no case law holding to the contrary. Accordingly, Judge Kiniry properly excluded 142 days attributable the continuance requests by defendant and/or defense counsel, and G.C.'s claim is without merit.

With respect to G.C.'s two remaining appellate issues, we have reviewed the briefs, the relevant law, and the record as a whole, and we find that the opinion of the Honorable Norman A. Krumenacker, III, thoroughly, comprehensively and correctly disposes of these issues. For that reason, we affirm based on Judge Krumenacker's Rule 1925(a) opinion dated March 10, 2014. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2014



IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | * * * * | |
| vs. | * | No. 0449-2012 |
|  | * * | |
| G███C██████ | * * | Opinion Pursuant to Rule of Appellate Procedure 1925(a)(1) |
| Defendant. | * | |

# Opinion Pursuant to Rule of Appellate Procedure 1925(a)(1)

<u>Krumenacker, J.</u>: G██C█████(C████) appeals from his sentence imposed on December 17, 2014. On October 10, 2013, following a three-day jury trial, C██████ was convicted of one count of: Count 3 - corruption of minors – felony of the third degree.[1] The jury reached an impasse and was declared hung as to: Count 1 - indecent assault – felony of the third degree; Count 2 - endangering the welfare of children – felony of the third degree; Count 4 - indecent assault – misdemeanor of the first degree; and Count 5 - endangering the welfare of children – misdemeanor of the first degree.[2] These charges arose from a series of incidents involving C██████ daughter.

On December 17, 2013, C██████ was sentenced to pay the costs of prosecution, pay and serve a period of incarceration of twenty-five (25) to fifty (50) years with credit for time served, this sentence was within the standard range taking into consideration the mandatory sentences established by 42 Pa. C.S.A. § 9718.2, and was determined to not be RRRI eligible. A hearing was held that same day to determine if C██████ met the standards of a being a

---

[1] 18 Pa. C.S.A. § 6301(a)(1(ii).
[2] Respectively 18 Pa. C.S.A. §§ 3126(a)(7), 4304 (a)(1), 3126(a)(7), and 4304(a)(1).

Exhibit A

sexually violent predator and the Court found that he was and directed that he comply with the registration requirements under SORNA/Megan's Law for life. C████ filed a timely notice of appeal and a Concise Statement of Matters Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) as Ordered by this Court.

In his Concise Statement C████ raises these three allegations of error:

1) Did the Court err in denying the Defendant's Motion to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 600[3]?

2) Did the Court err in denying the Defendant's Motion to Correct Amended Information?

3) Did the Court err in "spotlighting" standard jury instruction 4.13(B) relative to conviction based on victim's uncorroborated testimony in sexual offenses during *voir dire*?

For the following reasons the appeal should be dismissed and the jury's verdict and the Court's sentence should be affirmed.

# DISCUSSION

I.    **Did the Court err in denying the Defendant's Motion to Correct Amended Information?**

C████'s first allegation of error is that the Court erred in his Motion to Correct Amended Information filed the first day of trial. C████'s Motion sought to correct the Commonwealth's Amended Information by removing Count 4 and 5. C████ was initially charged by information filed April 11, 2012 with Count 1 - indecent assault – felony of the

---

[3] This Motion was heard and decided by Judge Patrick T. Kiniry who has authored a separate Opinion addressing this issue. This Opinion will address C████'s second and third allegations of error.

third degree; Count 2 - endangering the welfare of children – felony of the third degree; and Count 3 - corruption of minors – felony of the third degree. For conduct conducted occurring on or about September 17, 2011. The Commonwealth filed an Amended Information on March 20, 2013, adding Count 4 - indecent assault – misdemeanor of the first degree and Count 5 - endangering the welfare of children – misdemeanor of the first degree and asserting that conduct relative to all five charges occurred between January 1, 2006 and September 17, 2011. C█████did not object to the Amended Information at the time of filing.

In his Motion C██████ argued that Count 4 and 5 should be stricken since the amendment materially changed the time frame, constituted overreaching, were duplicitous and were prejudicial as the elements of those offenses were included in the original charges. The Court denied C█████'s Motion and trial proceeded on all five counts with the jury eventually returning a single guilty verdict as to Count 3 and reaching an impasse on the remaining Counts resulting in a hung jury.

Pennsylvania Rule of Criminal Procedure 564 provides that

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa. R. Crim. P. 564 (West 2014). If there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial. Commonwealth v. Womack, 307 Pa. Super. 396, 453 A.2d 642 (1982).

The purpose of this rule "is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." Commonwealth v. Bricker, 882 A.2d 1008, 1019 (Pa.

Super. 2005) (quoting Commonwealth v. Davalos, 779 A.2d 1190, 1194 (Pa. Super. 2001)).
The test to be applied is:

> [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

Bricker, 882 A.2d at 1019 (citation omitted).

As to the change in dates the victim testified at the preliminary hearing that the conduct occurred on multiple occasions prior to September 17, 2011. N.T. 2/29/12 pp. 6-26. Further, Cathy Gorba (Gorba), a Cambria County Children and Youth Services caseworker, testified that she spoke with C██████ as part of an intake investigation related to these incidents on September 19, 2011, and he acknowledged that he viewed the victim's vaginal area on several occasions over a period of time looking for a rash. Id. pp. 26-32. Thus C██████ was on notice at the preliminary hearing of the extended time frame in which the victim alleged the conduct occurred and so the amendment was proper. See, Commonwealth v. J.F., 800 A.2d 942 (Pa. Super. 2002) (informations charging defendant with rape and other sexual offenses against minors was properly amended to change dates of a majority of charges); Commonwealth v. Thomas, 328 Pa. Super. 393, 477 A.2d 501 (1984) (trial court did not err in granting Commonwealth's pretrial motion to amend information to change date, where original criminal complaint filed against defendant charged defendant only with rape, charges other than rape were filed subsequent to preliminary hearing in which victim testified both about rape and defendant's later threats to kill victim and her boyfriend, and through

original information, defendant was on notice of charges filed against him and was not prejudiced by inadvertent clerical error regarding date).

As to the additional charges in Counts 4 and 5: they arise out of the same factual scenario as Counts 1 and 2; involve the same basic elements; C███████ was made aware at the preliminary hearing that the victim was alleging the conduct which resulted in Counts 1 and 2 occurred over a longer period of time than was originally charged; the charged conduct occurred on different dates; and the additional charges were filed well in advance of trial and did not force C██████ to adjust his defense strategy. Thus C███████ is deemed to have notice of the alleged criminal conduct and the amendment was proper. J.F., at 945-46; Thomas, at 403-05, 477 A.2d 506-07; Commonwealth v. Lawton, 272 Pa. Super. 40, 414 A.2d 658 (1979)(information charging defendant with simple assault could be amended to include a charge on aggravated assault where defendant was fully informed of events of his alleged offenses and was alerted at both arraignment and preliminary hearing that he might have to defend against a charge of aggravated assault, and defendant's defense to charges was not affected by permitting the amendment). See also, Commonwealth v. Roser, 914 A.2d 447 (Pa. Super. 2006) (information charging DUI of alcohol could be amended just prior to closing argument, without prejudice to defendant, to add DUI charges under two other subsections prohibiting driving under the influence of drugs or a combination of alcohol and drugs, even if amendment might have resulted in a more severe penalty, where amendment did not change the factual scenario insofar as defendant drove a vehicle while highly intoxicated, and amendment was prompted by defendant's own inculpatory testimony that he ingested gasoline and bug and tar remover before driving).

Finally, as the jury was hung and failed to reach verdict as to Counts 4 and 5 any alleged error was harmless. Accordingly, there is no merit to this allegation of error.

**II. Did the Court err in "spotlighting" standard jury instruction 4.13(B) relative to conviction based on victim's uncorroborated testimony in sexual offenses during *voir dire*?**

C██████'s second allegation of error is that the Court erred in "spotlighting" Standard Jury Instruction 4.13(B), relative to conviction based on victim's uncorroborated testimony in sexual offenses, during *voir dire*. During jury selection the Commonwealth requested the Court inquire of the panel if they would be able to follow the jury instruction in this regard in addition to the Court's general question about being able to follow the court's instructions. C██████ objected to this question on the basis that it "spotlighted" the issue and the Court overruled the objection. N.T.10/3/13 (Excerpt of Jury Selection) p. 2.

It is axiomatic that the purpose of the *voir dire* system is to ensure the empaneling of a fair, competent, impartial, and unprejudiced jury. Commonwealth v. Werts, 483 Pa. 222, 395 A.2d 1316 (1978); Commonwealth v. England, 474 Pa. 1, 375 A.2d 1292 (1977); Commonwealth v. Jones, 391 Pa. Super. 292, 307, 570 A.2d 1338, 1346 (1990). To this end, the scope of a *voir dire* examination is within the sound discretion of the trial court and absent a palpable error, the court's decision will not be disturbed on appeal. Commonwealth v. Sparrow, 471 Pa. 490, 370 A.2d 712 (1977); Commonwealth v. Kahley, 467 Pa. 272, 356 A.2d 745 (1976); Commonwealth v. Merrick, 338 Pa. Super. 495, 488 A.2d 1 (1985).

Questions on *voir dire* should be tailored so as to "disclose lack of qualification and whether the juror has formed a fixed opinion as to the accused's guilt or innocence." Commonwealth v. Clark, 280 Pa. Super. 1, 13, 421 A.2d 374, 380 (1980). It is not designed to provide a basis for peremptory challenge, and thus, "generally speaking, the ordinary prejudices of veniremen are beyond the pale of exploration on *voir dire*." Commonwealth v. Legree, 256 Pa. Super. 128, 133, 389 A.2d 634, 637 (1978) (recognized exception for racial

prejudice). Questions which are "designed to disclose what a juror's present impression or opinion may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case" should not be permitted. Werts, 483 Pa. at 224, 395 A.2d at 1317 (quoting Commonwealth v. Johnson, 452 Pa. 130, 134, 305 A.2d 5, 7 (1973)). Finally, as our Supreme Court stated in Commonwealth v. Johnson, 452 Pa. 130, 305 A.2d 5 (1973)

> The law recognizes that it would be unrealistic to expect jurors to be free from all prejudices, a failing common to all human beings. We can only attempt to have them put aside those prejudices in the performance of their duty, the determination of guilt or innocence. We therefore do not expect a tabula rosa but merely a mind sufficiently conscious of its sworn responsibility and willing to attempt to reach a decision solely on the facts presented, assiduously avoiding the influence of irrelevant factors.

Id. at 136, 305 A.2d at 8.

Here following the Commonwealth's request to inquire into whether potential jurors could follow Standard Jury Instruction 4.13(B) the Court then asked the panel

> Ladies and gentlemen, do you understand that in a criminal case, while there is, we talked earlier about they might say there are seven witnesses, they actual call four and you have to weigh the evidence and credibility to render a fair and just verdict. I also want you to understand if you have a problem with this I need to know about it, that testimony of one person standing alone, if you believe it beyond a reasonable doubt, is sufficient to convict. Is everybody okay with that?

Id. pp. 2-3. This inquiry was specifically designed to determine if any juror was disqualified due to an inability to follow this instruction via a predisposition to require more evidence of guilt than the law required.

As the nature of this case indicted a strong likelihood that Instruction 4.13(B) would be, and in fact was, given to the jury at the close of the case there was no palpable error in questioning potential jurors on their ability to not only follow the court's instructions and the

law in general but this instruction in particular. See, Commonwealth v. Hathaway, 347 Pa. Super. 134, 500 A.2d 443 (1985).

Accordingly, as there is no merit to this or any of C████'s allegations of error this appeal should be dismissed and the sentence affirmed.

RESPECTFULLY SUBMITTED,

Norman A. Krumenacker, III, Judge

March 10, 2014