J-S24032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                  :           PENNSYLVANIA
                 Appellee         :
                                  :
           v.                     :
                                  :
LEN VANDO,                        :
                                  :
                 Appellant        :     No. 2771 EDA 2018

Appeal from the PCRA Order Entered September 12, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510182-2006

BEFORE:   BENDER P.J.E., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 30, 2020**

Len Vando (Appellant) appeals from the September 12, 2018 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

We glean the following procedural and factual history from the record. Appellant's underlying conviction stems from the shooting of Francisco Gonzalez.  By way of background, on October 1, 2004, the Latin Queens, an all-female gang, and their male counterparts, the Latin Kings, celebrated the birthday of a Latin Queen at a bar in Philadelphia.  Gonzalez, a patron at the bar, falsely claimed to a Latin Queens' member that he was a high-ranking member of the Latin Kings in New York.  Appellant and two other Latin

_____

* Retired Senior Judge assigned to the Superior Court.

Kings' members dragged Gonzalez outside. Appellant punched Gonzalez, causing Gonzalez to fall to the ground, and another Latin Kings' member, Juan Navarro, shot and killed Gonzalez.

On January 26, 2005, Appellant was indicted in federal court and charged with various crimes pertaining to his activities as a member of the Philadelphia Lion Tribe, a local subset of the national Latin Kings gang, as well as Gonzalez's murder. In May 2005, the Commonwealth charged Appellant in state court for Gonzalez's murder and related crimes. Appellant proceeded to a federal jury trial in 2006, at the conclusion of which he was convicted of conspiracy to commit murder in aid of racketeering and acquitted as to all other federal charges. On July 28, 2006, Appellant was sentenced to 9 years of federal imprisonment.

Prior to the commencement of his state jury trial, Appellant filed a motion to dismiss, arguing that his former federal prosecution barred the Commonwealth from prosecuting him for the same conduct, based on 18 Pa.C.S. § 111. The trial court denied his motion on December 11, 2006. Appellant filed an immediate interlocutory appeal to this Court. We affirmed the order denying his motion to dismiss, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Vando*, 970 A.2d 484 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 982 A.2d 65 (Pa. 2009).

Appellant proceeded to a consolidated jury trial with co-defendant Navarro from March 29 to April 4, 2011. On April 8, 2011, the trial court declared a mistrial because the jury was deadlocked. Appellant proceeded to a second consolidated jury trial with Navarro from April 12 to 25, 2011. On April 25, 2011, the jury convicted Appellant of third-degree murder as an accomplice to Navarro, but acquitted him of conspiracy to commit murder.[1] On August 18, 2011, Appellant was sentenced to 20 to 40 years' imprisonment, consecutive to any sentence presently being served.

On direct appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on July 16, 2013. *Commonwealth v. Vando*, 63 A.3d 819 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 602 (Pa. 2013). Appellant filed a petition for a writ of *certiorari* before the Supreme Court of the United States.[2] Thereafter, on December 9, 2013, Appellant filed *pro se* a motion for reconsideration of sentence with the trial court. Despite containing a claim of ineffective assistance of counsel for failing to file a post-sentence motion, the trial court did not construe the filing as a PCRA petition, but instead treated it as an untimely post sentence motion and

---

[1] The remainder of the charges were *nolle prossed*.

[2] While that petition was pending, Appellant also filed a *habeas corpus* petition in federal court. That petition was denied on July 9, 2015. *See Vando v. Folino*, 2015 WL 4138802 (E.D. Pa. 2015).

denied it on December 13, 2013.[3]  One month later, on January 13, 2014, the Supreme Court of the United States denied Appellant's petition for a writ of *certiorari* regarding his direct appeal.  **Vando v. Pennsylvania**, 571 U.S. 1160 (2014).

On December 22, 2014, Appellant timely filed *pro se* the instant PCRA petition.  Appellant was appointed counsel on July 15, 2015, and counsel filed an amended PCRA petition, a supplemental amended petition, and a second supplemental amended petition with leave of court.  Therein, Appellant claimed, in pertinent part, that the trial court failed to order Appellant be given credit for time served, and that trial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 and failing to object to the trial court's jury instructions defining reasonable doubt.  On August 2, 2018, the PCRA court issued Appellant notice that it planned to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 because his issues were without merit.  Appellant filed a response

_____

[3] We note that the lower court erred by treating this filing as a motion for reconsideration rather than Appellant's first PCRA petition.  Because this petition would have been Appellant's first, he was entitled to the appointment of counsel.  Regardless, the PCRA court was without jurisdiction to dispose of this motion because Appellant's direct appeal was still pending before the Supreme Court of the United States.  **Commonwealth v. Leslie**, 757 A.2d 984, 985-86 (Pa. Super. 2000).  However, Appellant was not prejudiced by the court's error because he timely filed a PCRA petition following the denial of his petition for a writ of *certiorari*, and the PCRA court appointed counsel.  Additionally, Appellant re-raised the ineffective assistance of counsel claim in the instant PCRA petition.

arguing the merits. The PCRA court dismissed Appellant's petition on September 12, 2018.

This timely-filed appeal followed.[4] On appeal, Appellant claims the PCRA court erred in dismissing his claims that: (1) his sentence was illegal because he was entitled to credit for time served; (2) trial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600; and (3) trial counsel was ineffective for failing to object to the trial court's jury instructions defining reasonable doubt. Appellant's Brief at 2.

We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016), *quoting*

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015).

Appellant first claims he is entitled to credit for time served on the sentence imposed for his third-degree murder conviction from the date of his

---

[4] Both the PCRA court and Appellant complied with the mandates of Pa.R.A.P. 1925.

- 5 -

arrest, May 25, 2005, to the date of his sentencing, August 18, 2011. Appellant's Brief at 9. Specifically, Appellant claims he is entitled to time served while he was in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal, even though the trial court ordered his state sentence to begin after his federal sentence concluded. *Id.*

A defendant is entitled to credit for time served against the maximum term and any minimum term for all "time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1). Credit includes time related to re-prosecution "as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts." 42 Pa.C.S. § 9760(2). If a defendant is arrested on one charge and subsequently prosecuted on another charge stemming from an act or acts that occurred prior to his arrest, credit must "be given for all time spent in custody under the former charge that has not been credited against another sentence." 42 Pa.C.S. § 9760(4). A defendant may receive credit only once for time served. *Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996).

In *Merigris*, the defendant, Joseph Merigris, was arrested for burglary in Monroe County on December 23, 1992. "The next day, the United States lodged a detainer against [him] on an unrelated charge." *Id.* at 194. After pleading guilty to the federal charge, on August 20, 1993, the federal court

- 6 -

credited Merigris for time served at the Monroe County Correctional Facility as a result of the federal detainer. On October 21, 1993, the Pennsylvania trial court sentenced Merigris and determined that he was entitled to a credit against his sentence for "two months and five days served on the state charges." *Id.*

On appeal, Merigris claimed that he should receive credit for time served toward both the federal and the state sentences. This Court disagreed, concluding that section 9760(4) bars a defendant from receiving credit against more than one sentence for the same time served. *Id.* at 195. The *Merigris* court held "that once the federal court credited Merigris for time incarcerated as a result of the federal detainer, [his] time in custody at the Monroe County Correctional Facility was no longer 'a result of' the charges brought by the Commonwealth." *Id.*

Similarly, Appellant was already credited with the time he references on his federal sentence. Appellant was in federal custody from the time of his arrest in December 2004 until December 23, 2010, when he was transferred to state custody for his state trial. Appellant was returned to federal custody following his state trial, and was not again released to state custody until he finished his federal sentence on December 12, 2012. Appellant would have us grant a windfall for his time served for his federal crime, but this Court has rejected such double-credit arguments. *See id.* (stating 42 Pa.C.S. § 9760(4) bars defendant from receiving credit against

more than one sentence for time served). Accordingly, Appellant's claim lacks merit.

Because Appellant's remaining issues challenge the effectiveness of trial counsel, we also consider the following.

> The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Postie*, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en banc*) (citations, footnote, and quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

In his first ineffective-assistance-of-counsel claim, Appellant asks us to determine whether the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600. Appellant's Brief at 11. Appellant argues that a violation of Rule 600 occurred because

> [i]t took the Commonwealth more than 365 days to bring the case to trial. The [criminal] complaint was filed against

- 8 -

[Appellant] on [May 25, 2005,] but the trial did not commence until [March 30, 2011,] a period of 2115 days. Taking out the defense caused delay of 1622 [days], which includes the delay caused by the interlocutory appeal, the delay caused by the Commonwealth was 493 days[.]

*Id.*

In relevant part, Rule 600 provides as follows.

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*\*\*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\*\*\*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground

that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

The courts of this Commonwealth employ a multi-step method to determine whether Rule 600 requires dismissal of charges against a defendant. *Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018). Rule 600(A) specifies the mechanical run date. We determine whether any excludable time exists pursuant to Rule 600(C), and add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date. *Id.* A court must account for any excludable time, which is any delay that is attributable to the defendant or his counsel, and excusable delay, which is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. *Commonwealth v. Colon*, 87 A.3d 352, 358 (Pa. Super. 2014). Judicial delays "arising out of the court's own scheduling concerns[]... where a trial-ready prosecutor must wait several months due to a court calendar ... should be treated as 'delay' for which the Commonwealth is not accountable." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017). "Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." *Commonwealth v. Murray*, 879 A.2d 309, 314 (Pa. Super. 2005).

The PCRA court did not conduct the multi-step process to determine whether Rule 600 required dismissal of charges against Appellant when considering Appellant's claim that counsel was ineffective for failing to file a Rule 600 motion. Instead, the PCRA court found Appellant's claim lacked merit because he failed to provide any argument as to how any possible delay was attributable to the lower court or the Commonwealth. PCRA Court Opinion, 11/19/2019, at 9. The PCRA court concluded that, most significantly, there was no evidence in the docket to suggest any lack of due diligence on the Commonwealth's part in bringing Appellant to trial. *Id.* at 10.

In the instant case, Appellant was arrested and charged by the Commonwealth on May 25, 2005. Thus, Appellant's initial mechanical run date was May 25, 2006. Upon review of the record, we conclude the following periods constitute excludable time or excusable delay.

- Period of 374 of days due to Appellant's trial in federal court, which caused Appellant's state case to not be held for court until June 2, 2006.[5] Appellant's case was listed for pretrial status on September 12, 2006.

- Period of 100 days between Appellant filing a motion to dismiss on September 12, 2006 and the trial court denying the motion on December 11, 2006.

---

[5] Periods in which a defendant is in federal custody are considered excludable for purposes of Rule 600 calculations. *See Commonwealth v. Williams*, 896 A.2d 523, 537 (Pa. 2006); *see also* Pa.R.Crim.P. 600(E).

- Period of 951 days between Appellant filing an interlocutory appeal to this Court on December 21, 2006, and our Supreme Court's denial of Appellant's petition for allowance of appeal on July 29, 2009.

- Period of 50 days between the case being remanded to the trial court on July 29, 2009, and the next available court date, September 17, 2009.

- Period of 550 days between September 17, 2009 scheduling conference and newly scheduled trial date of March 21, 2011.

- Period of eight days between continuance on March 21, 2011, to March 29, 2011, when jury selection began.

On April 8, 2011, the trial court declared a mistrial because the jury was hung. Appellant was retried merely four days following the mistrial.[6]

As noted, Appellant's initial mechanical run date was May 25, 2006. The total time between Appellant's charges and commencement of his first trial was 2,135 days, or 1,770 days over the mechanical run date. Based on our calculations, a total of 2,033 days of delay are either excludable time or excusable delay. Adding the excludable time and excusable delay to the initial run date, we calculate the adjusted run date to be December 18, 2011 - nearly 9 months **after** Appellant's trial commenced. Therefore, we agree with the PCRA court that Appellant has not established that trial counsel was ineffective in failing to pursue a meritless Rule 600 claim in a pre-trial motion.

---

[6] Rule 600 requires the commencing of a new trial following the declaration of a mistrial within 365 days from the date on which the trial court's order is filed. **See** Pa.R.Crim.P. 600(E).

Finally, Appellant argues the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to object to the trial court's reasonable doubt instruction. Appellant's Brief at 15.

We review "the jury charge as a whole to determine if it is fair and complete." *Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa. Super. 2008). "[A]n imperfect instruction does not constitute reversible error where the charge, taken as a whole, fairly and accurately conveys the essential meaning." *Commonwealth v. Uderra*, 862 A.2d 74, 92 (Pa. 2004). "A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Jones*, 954 A.2d at 1198. A jury instruction violates due process if there is a reasonable likelihood that the jury interpreted the instruction to allow a conviction based on a degree of proof below the reasonable doubt standard. *Victor v. Nebraska*, 511 U.S. 1 (1994). When determining whether an instruction is unconstitutional, "the proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury did so apply it." *Id.* at 6.

By way of background, the trial court's reasonable doubt instruction included the following example.

> Now, ladies and gentleman, I find it helpful to think about reasonable doubt in this way ... Each and every one of you loves somebody. If you were told that your precious one had a life-threatening condition, and the only appropriate protocol for that

- 13 -

life-threating condition was surgery[,] now, you're probably going to ask for a second opinion. You might even ask for a third opinion. You might do research; what is this condition, who are the best doctors in the region, probably in the country. You're going to call everybody you know who has anything to do in medicine. Tell me about this disease. Tell me about this surgery. Tell me about this doctor, what do you know. You're going to do everything you can to gather all the information that you can.

If you go forward, because, remember, at some point this question will be called, do you go forward with the surgery or not[?] But if you go forward, it's not because you moved beyond all doubt. Ladies and gentleman, there are no guarantees in life. If you go forward, it's because you have moved beyond all reasonable doubt.

N.T., 4/20/2011, at 68-69.

Appellant alleges that the trial court's analogy about pursuing a life-saving surgery for a loved one impermissibly heightened the degree of reasonable doubt required to acquit, and directed the jury to favor conviction. Appellant's Brief at 16. In support, Appellant cites an unreported federal district court decision, in which a federal court found unconstitutional an almost identical jury instruction given by the same trial judge. *Id.* at 17, *citing* **Brooks v. Gilmore**, 2017 WL 3475475 (E.D. Pa. 2017) (unpublished memorandum). Appellant contends that the trial court improperly structured the hypothetical in terms compelling the jury to act as opposed to hesitating to act. Appellant's Brief at 16. In conclusion, Appellant asserts that trial counsel had no reasonable basis not to object to this charge, and he was prejudiced because "the jury was permitted to find

[him] guilty on a standard less than beyond a reasonable doubt." *Id.* at 17-18.

The PCRA court concluded that the reasonable doubt instruction, in the context of the jury charge as a whole, did not reduce the burden of proof. PCRA Court Opinion, 11/19/2019, at 17. Further, it determined trial counsel could not be ineffective for failing to object to a jury instruction that had been upheld by this Court as constitutional. *Id.* at 14-15, 17, *citing* ***Commonwealth v. Corbin***, 2016 WL 1603471 (Pa. Super. 2016) (unpublished memorandum) (rejecting the challenge to the identical illustrative hypothetical on reasonable doubt issued by the same trial judge herein); ***Commonwealth v. Gant***, No. 1612 EDA 2007 (Pa. Super. 2009) (unpublished memorandum) (same); and ***Commonwealth v. Johnson***, No. 1639 EDA 1999 (Pa. Super. 2000) (unpublished memorandum) (same).

Preliminarily, insofar as Appellant relies on ***Brooks***, which found an identical instruction by the same judge unconstitutional, we reiterate that we are "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." ***In re Stevenson***, 40 A.3d 1212, 1216 (Pa. 2012). Even if we were to find ***Brooks*** persuasive, Appellant's trial occurred in 2011, and the ***Brooks*** decision was not issued until 2017. In Pennsylvania, it is well established "that counsel cannot be deemed ineffective for failing to predict changes in the law." ***Commonwealth v. Cousar***, 154 A.3d 287, 303 (Pa. 2017) (citations omitted). As such, one cannot deem Appellant's trial counsel

ineffective for failing to predict that a federal district court would interpret the law concerning a jury instruction to Appellant's benefit six years after his trial.

At the time of Appellant's trial, there was no binding precedent for counsel to follow. Additionally, while the trial court's specific example has not been reviewed in a published opinion of this Court, this Court has interpreted similar instructions differently from ***Brooks*** at least twice since Appellant's trial. ***See Commonwealth v. Nam***, 221 A.3d 301 (Pa. Super. 2019) (unpublished memorandum) and ***Commonwealth v. Moore***, 225 A.3d 1155 (Pa. Super. 2019) (unpublished memorandum).[7] We find the reasoning of these cases to be more persuasive than the reasoning in ***Brooks***.

In ***Nam***, this Court addressed a nearly identical reasonable doubt instruction[8] and determined that "when read in context of the entire

---

[7] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[8] The reasonable doubt instruction in ***Nam*** included the following, nearly identical example as in this case.

> I find it useful to think about reasonable doubt this way. Now, because I was fortunate to speak with each and every one of you, I know each and every one of you has someone in your life you love; a sibling, a spouse, a significant other, a parent. Each one of you loves somebody.

*(Footnote Continued Next Page)*

instruction, the entire instruction states the law accurately." 221 A.3d 301 (unpublished memorandum at 6). This Court also stated the trial court "used language similar to the standard instruction both before and after using a hypothetical to explain the concept of reasonable doubt," and "[a]lthough [the court's] instruction was personalized, trial judges are granted a certain degree of latitude in their jury instructions." *Id.*

In *Moore*, this Court again analyzed a substantially similar jury instruction and found the surgery analogy part of the instruction was "at best ambiguous" as to whether it lowered or increased the degree of doubt. 225 A.3d 1155 (unpublished memorandum at 9). The *Moore* court determined, in viewing the medical illustration in combination with the trial

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> What if you were told that your precious one had a life-threatening condition and that the only medical protocol for that life-threatening condition was a surgery. Now, if you're like me, you're probably going to ask for a second opinion. You might ask for a third opinion. You'd probably do research; what is this condition, what are the accepted protocols for this condition, what's the likelihood of success, probably go on the internet, do everything you can, and if you're like me, you're going to go through your Rolodex, and everybody that you know who has any relationship to medicine you're going to call them. You're going to talk to them, but at some moment the question is going to be called. You are going to have to cut your research. Do you allow your loved one to go forward[?] If you allow your loved one to go forward with the surgery, it's not because you have moved beyond all doubt. Ladies and gentlemen, there are no guarantees in life. If you go forward, it's because you have moved beyond all reasonable doubt.

*Nam*, 221 A.3d 301 (unpublished memorandum at 5-6).

court's accurate definition of the reasonable doubt standard, it did not believe there was a "reasonable likelihood" that the jury applied the reasonable doubt standard in an unconstitutional manner. ***Id.***

Instantly, the trial court offered the following reasonable doubt definition as part of its charge to the jury.

> A reasonable doubt, it's a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, to refrain from acting upon a matter of the highest importance to their own affairs. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence that was presented with respect to some element of each of the crimes charged.

N.T, 4/20/2011, at 68.

We conclude the charge accurately informed the jury that it could find Appellant guilty only if it found that the Commonwealth proved the elements of the offense beyond a reasonable doubt. We do not believe there is a "reasonable likelihood" that the jury applied the reasonable doubt standard in an unconstitutional manner. ***See Moore***, 225 A.3d 1155 (unpublished memorandum at 10); ***see also Victor,*** 511 U.S. at 6.

We therefore conclude that the PCRA court did not err in finding the underlying claim regarding the reasonable doubt instruction lacked merit, and therefore that Appellant failed to establish his counsel was ineffective for failing to object to the instruction.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/30/2020*